SPC:MAA:TM
F.#2005R02143

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JEFFREY FISHMAN,

              Defendant.

- - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. __08-485 (BMC)__
(T. 18, U.S.C., §§ 371
 and 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

### The Defendant

1. In and about and between December 1999 and December 2001, the defendant JEFFREY FISHMAN served as President and Chief Operating Officer of One Liberty Properties, Inc. ("OLP"). In or about January 2002, FISHMAN was promoted to Chief Executive Officer of OLP. In or about July 2005, FISHMAN resigned from OLP.

### The Company

2. OLP was a real estate investment trust ("REIT") headquartered in Great Neck, New York. From at least 2000 to January 2004, OLP was a publicly traded corporation, the common stock of which was listed on the American Stock Exchange. As of

January 15, 2004, OLP's common stock was listed on the New York Stock Exchange. As a REIT, OLP was in the business of owning and managing rental properties and investing in other real estate ventures.

The Fraudulent Scheme

3. In or about and between June 2002 and August 2002, both dates being approximate and inclusive, the defendant JEFFREY FISHMAN, together with others, agreed to engage in a scheme to defraud OLP.

4. In or about early 2002, the defendant JEFFREY FISHMAN, acting on behalf of OLP, negotiated a sale and leaseback transaction with the owners of the Pavilion Theater in Brooklyn, New York. The contemplated sale and leaseback transaction involved OLP purchasing the property on which the Pavilion Theater was located and leasing that property back to its former owners so that the Pavilion Theater could continue to operate its movie theater business. The primary person handling the negotiations on behalf of the Pavilion Theater was John Doe, an individual whose identity is known to the United States Attorney. By no later than June 2002, the primary terms of the transaction, including the price and terms of the lease, had been agreed to by the parties and approved by OLP management.

5. In or about June 2002, after the material terms of the sale and leaseback transaction were agreed to, John Doe

agreed to loan $450,000 to the defendant JEFFREY FISHMAN personally. In exchange, FISHMAN agreed to reduce the required security deposit that the Pavilion Theatre would have to pay OLP by approximately $250,000.

6. On or about August 9, 2002, OLP and the Pavilion Theater consummated the sale and leaseback transaction. On or about August 13, 2002, John Doe provided the defendant JEFFREY FISHMAN with a $450,000 check made payable to Britannia Management Services ("Britannia"), an entity controlled by FISHMAN. FISHMAN did not disclose this $450,000 payment or the loan transaction to OLP.

7. On or about and between August 14, 2002, the day after the check from John Doe cleared, the defendant JEFFREY FISHMAN caused $100,000 to be wire-transferred out of Britannia's bank account to his personal bank account. On or about August 16, 2002, FISHMAN caused an additional $137,333 to be wire-transferred out of Britannia's bank account to pay certain personal expenses.

## CONSPIRACY TO COMMIT WIRE FRAUD

8. The allegations contained in paragraphs 1 through 7 are realleged and incorporated as though fully set forth in this paragraph.

9. In or about and between June 2002 and August 2002, both dates being approximate and inclusive, within the Eastern

4

District of New York and elsewhere, the defendant JEFFREY FISHMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud OLP, and to obtain money and property from OLP by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346.

10. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendant JEFFREY FISHMAN committed and caused to be committed, among others, the following:

### OVERT ACTS

a. On or about and between August 9, 2002 and August 13, 2002, the defendant JEFFREY FISHMAN received a check for $450,000 from John Doe.

b. On or about August 16, 2002, the defendant JEFFREY FISHMAN caused wire transfer instructions to be faxed from a telephone number in Great Neck, New York.

5

      c.    On or about August 16, 2002, the defendant JEFFREY FISHMAN caused wire transfer instructions to be faxed from a telephone number in Great Neck, New York.

      (Title 18, United States Code, Sections 371 and 3551 et seq.)

BENTON J. CAMPBELL  
UNITED STATES ATTORNEY  
EASTERN DISTRICT OF NEW YORK

BY: /s/ Paul Schoeman  
ACTING UNITED STATES ATTORNEY  
PURSUANT TO 28 C.F.R. 0.136

FORM DBD-34
JUN. 85

No. _08-CR-485 (BMC)_   Action: _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL *Division*

THE UNITED STATES OF AMERICA

vs.

***JEFFREY FISHMAN***,

Defendant.

## INFORMATION

(T. 18, U.S.C., §§ 371 and 3551 et seq.)

*Taryn A. Merkl, Assistant U.S. Attorney (718-254-6064)*